

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Obel L. McAlister, Chairman
State Affairs Committee
House of Representatives
Forty-ninth Legislature
Austin, Texas

Dear Sir:

Opinion No. O-6474
Re: Constitutionality of
House Bill No. 113.

We are in receipt of your request to this department regarding the constitutionality of House Bill No. 113. The pertinent provisions of said House Bill 113 are as follows:

"Section 1: That article 720, Chapter 2, Title 22, Revised Civil Statutes of 1925, be and the same is hereby amended so as to hereafter read and provide as follows:

"'Article 720, All bonds issued under this chapter shall mature not later than forty years from their date, and, in the discretion of the commissioners court, may be made optional on any interest payment date as the court may direct, and such option of redemption, if reserved, shall be distinctly specified in the order of said court authorizing the issuance of the bonds, and also stated in the face of the bonds.'

"Section 2: That there shall be added to said Chapter 2, Title 22, Revised Civil Statutes of 1925, two new articles to be designated as Articles 720-a and 720-b, which shall read and provide respectively, as follows:

"'Article 780-a. That where a majority of the resident property taxpayers, being qualified electors of any county, voting on the proposition, having voted at an election held in such county called by the commissioners court of such county, in favor of the issuance of the bonds of such county for any purpose authorized in Chapter 1, Title 18, Revised Civil Statutes of 1911, or Chapter 2, Title 22, Revised Civil Statutes of 1925, the canvass of such vote revealing such majority, having been recorded in the minutes of such commissioners court, and where the order of said commissioners court calling such bond election, and the notices of such bond election, provided that such bonds were to be issued by such commissioners court, payable serially or otherwise, not exceeding the maximum period of time stipulated in such election order and election notices, and where thereafter said commissioners court of such county, by orders adopted and recorded in its minutes, contracted for the sale of said bonds at not less than par and accrued interest, and authorized the issuance of said bonds in accordance with the terms and provisions of such contract of sale, prescribing in such orders the date of said bonds, the maturities of said bonds, and the rate of interest said bonds are to bear, and levying the tax to pay the interest on said bonds and provide a sinking fund sufficient to pay the principal thereof at maturity, and said bonds were approved by the Attorney General and registered by the Comptroller of Public Accounts and were thereafter sold at a price of not less than par and accrued interest, each such election and all acts and proceedings had and taken in connection therewith by such county commissioners court in respect of said bonds, the date of said bonds, the maturity dates of said bonds, the interest thereon, and the levy of taxes in payment thereof, are hereby approved, confirmed, ratified, legalized and validated; and said bonds, and the coupons evidencing the interest thereon in and for each of the years stipulated in such recorded orders, are hereby constituted the valid and subsisting obligations of such county, and said bonds and coupons shall be payable or redeemable only on the maturity or redemption dates stipulated in such recorded orders and in the face of each of said bonds and coupons.'

Honorable Obel L. McAllister, Page 3

"'Article 720-b. That where the commissioners court of any county has issued the bonds of such county for the purpose of funding, refunding, cancelling and in lieu of any bonds of such county legally issued for any purpose authorized in Chapter 1, Title 18, Revised Civil Statutes of 1911, or Chapter 2, Title 22, Revised Civil Statutes of 1925, and said funding or refunding bonds were duly approved by the Attorney General and registered by the Comptroller of Public Accounts in accordance with the laws applicable to the issuance of refunding bonds, the order or orders of such commissioners court approving the contract between such county and the holder or holders of such outstanding bonds for the purpose of funding or refunding such outstanding bonds, prescribing the date of said funding or refunding bonds, the maturity dates of said funding or refunding bonds, the rate of interest said funding or refunding bonds were to bear and levying the tax to pay interest on said funding or refunding bonds and to produce a sinking fund sufficient to pay the principal thereof at maturity, having been recorded in the minutes or records of such county commissioners court, all acts and proceedings had and done in connection therewith by such county commissioners court, and the county judge, county clerk, county treasurer, or any other county official having any duties to perform in respect to the issuance of said funding or refunding bonds, are hereby approved, confirmed, ratified, legalized and validated; and said funding or refunding bonds, and the coupons evidencing the interest thereon in and for each of the years stipulated in such recorded order or orders, are hereby constituted the valid and subsisting obligations of such county, in accordance with the terms and provisions of such recorded order or orders, and said funding or refunding bonds and coupons thereto appertaining shall be payable or redeemable only on the maturity or redemption dates stipulated in such recorded order or orders and in the face of each of said funding or refunding bonds and coupons.'

Honorable Obel L. McAllister, page 4

It is the opinion of this department that Section 1 of House Bill 113 is constitutional. The Supreme Court of Texas in Cochran County v. Mann, 172 S. W. (2d) 689 and Norton v. Tom Green County, 182 S. W. (2d) 849 (writ of error refused), held that under the provisions of Chapter 2, Title 22, Revised Civil Statutes of 1925, and Chapter 1, Title 18, Revised Civil Statutes, of 1911, the county commissioners' court had the right to redeem the bonds authorized under said statute at any time after said bonds had been issued for a periof of five years, provided no option was reserved; and if an option was reserved, the county had the right to redeem, under any circumstances, after a period of ten years.

The Supreme Court, in effect, held that the outstanding bonds authorized by said statutes were binding contracts and that the right of redemption was a part of said contract.

The Supreme Court in Dallas County v. Lockhart, State Treasurer, 96 S. W. (2d) 60,65, held that the right of redemption by refunding was a valuable right and not subject to be defeated by a bond holder.

Section 52 of Article 3 of the Constitution of Texas, reads, in part, as follows:

"The Legislature shall have no power to authorize any county, city, town or political corporation or subdivision of the State to lend its credit or to grant public money or a thing of value in aid of, or to any individual, association or corporation whatsoever. * * *"

Considering said constitutional provision in conjunction with the referred to authorities, it is the opinion of this department that Section 2 of said Act is unconstitutional, insofar as it attempts to change the contract between the counties and the bondholders. The Act would confer "a thing of value" on the bondholders without a reciprocal benefit to the counties. Harris County Flood Control District v. Mann, 140 S. W. (2d) 1098,1103, (Sup. Ct. of Texas); T. & N. O. Ry. Co. v. Galveston County, 169 S. W. (2d) 713, (Com. App.); Shelby County v. Provident Savings Bank & Trust Co., 52 Fed. (2d) 602,606,(writ of certorari refused). See also Howard v. Henderson County, 116 S. W. (2d) 479, (writ of error refused); Rhodes Drilling Co. v. Allred, 70 S. W. (2d) 576; Road District No. 4, Shelby County, v. Allred, 688.W. (2d) 164.

Honorable Obel L. McAllister, page 5

There are other serious constitutional questions raised by the provisions of Section 2 of said House Bill 113, but we do not deem it necessary to discuss them in view of the above holding.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. J. Long
Assistant

RJL:EP

APPROVED APR 16 1945

FIRST ASSISTANT
ATTORNEY GENERAL